UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC

2006 MAY 26  P 3: 25

James Benton, # 246955,  ) C/A No. 2:06-1590-CMC-RSC
)
)
)
Plaintiff,  )
)
vs.  ) Report and Recommendation
)
Julie J. Armstrong, Clerk of Court for Charleston  )
County,  )
)
)
Defendant.  )

# Background of this Case

The plaintiff is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections (SCDC). Information available on the South Carolina Department of Corrections website (www.doc.sc.gov) and the South Carolina Inmate Database on the LEXIS® service indicates that the plaintiff is serving a fifteen (15) year sentence for a first degree burglary conviction entered in the Court of General Sessions for Charleston County. The defendant is the Clerk of Court for Charleston County.

1

The "STATEMENT OF CLAIM" portion of the § 1983 complaint and the plaintiff's numerous exhibits reveal that this civil rights action arises out of the plaintiff's attempt to file, in the Court of Common Pleas for Charleston County, a mandamus action against the Solicitor for the Ninth Judicial Circuit without paying the filing fee.[1] In his prayer for relief, the plaintiff seeks: *(1)* actual damages of $20,000 for mental and emotional distress; *(2)* punitive damages of $20,000; *(3)* injunctive relief requiring the defendant to follow the South Carolina Rules of Court; and *(4)* injunctive relief requiring the defendant to "Plead to admit that She wan't [sic] mishandle my Documents or Cases in the Court."

# *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural

---

[1] An exhibit, a copy of a letter (dated January 24, 2006) from the defendant to the plaintiff, indicates that the motion to proceed and petition for writ of mandamus were filed on January 24, 2006. There is no indication in the complaint and exhibits that process was issued in the mandamus action. Other exhibits relate to fees for copies of court documents. *See* the "form letters" from the defendant's office of February 9, 2006, and April 26, 2006.

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, D.S.C., the undersigned is authorized to review such complaints for relief and submit (continued...)

2

provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[3] *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the

---

(...continued)
findings and recommendations to the District Court.

[3] Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

Moreover, the Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. See Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 297 S.C. 253, 376 S.E.2d 271, 272, 1989 S.C. LEXIS® 5 (1989); Cort Industries Corp. v. Swirl, Inc., 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and State ex rel. McLeod v. Civil and Criminal Court of Horry County, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[4] The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. See Article V, Section 4 of the Constitution of the State of South

---

[4] County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. State ex rel. McLeod v. Civil and Criminal Court of Horry County, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

In her personal capacity, Julie Armstrong has quasi-judicial immunity in this civil rights action. See Cook v. Smith, 812 F. Supp. 561, 562, 1993 U.S.Dist. LEXIS® 1854 (E.D.Pa. 1993); and Mourat v. Common Pleas Court of Lehigh County, 515 F. Supp. 1074, 1076 (E.D.Pa. 1981). In Mourat v. Common Pleas Court of Lehigh County, the district court, in a ruling from the bench, rejected claims similar to those raised by the *pro se* plaintiff in the case *sub judice*:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969)[, *cert. denied*, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See *Zimmerman v. Spears*, 428 F. Supp. 759, 752 (W.D.Tex.), *aff'd*, 565 F.2d 310 (5th Cir. 1977); *Davis v. Quarter Sessions Court*, 361 F. Supp. 720, 722 (E.D.Pa.1973); *Ginsburg v. Stern*, 125 F. Supp. 596 (W.D.Pa.1954), *aff'd per curiam on other grounds*, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

Mourat v. Common Pleas Court for Lehigh County, supra, 515 F. Supp. at 1076. See also Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official

7

responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, *supra*.").

The doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" Kincaid v. Vail, 969 F.2d 594, 601, 1992 U.S.App. LEXIS® 17967 (7th Cir. 1992), *cert. denied*, Sceifers v. Vail, 506 U.S. 1062, 122 L.Ed.2d 152, 113 S.Ct. 1002, 1993 U.S. LEXIS® 252 (1993), *quoting* Scruggs v. Moellering, 870 F.2d 376, 377, 1989 U.S.App. LEXIS® 3635 (7th Cir.), *cert. denied*, 493 U.S. 956, 107 L.Ed.2d 357, 110 S.Ct. 371, 1989 U.S. LEXIS® 5283 (1989).[5] *See also* Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel). *Cf.* Pink v. Lester, 52 F.3d 73, 1995 U.S.App. LEXIS® 8912 (4th Cir.1995), which overruled a 1972 case holding that clerks of court might be held liable for negligent conduct in the filing of prisoner

---

[5]Insofar as court reporters in federal criminal trials are concerned, the holding in Scruggs v. Moellering, which granted absolute immunity to court reporters, is not applicable. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 124 L.Ed.2d 391, 113 S.Ct. 2167, 1993 U.S. LEXIS® 3870 (1993)(resolving inter-circuit conflict between circuits holding that court reporters in federal criminal trials have absolute immunity and circuits holding that court reporters in criminal trials have qualified immunity).

8

pleadings. The case overruled by Pink v. Lester was McCray v. Maryland, 456 F.2d 1 (4th Cir. 1972).

Exhibits submitted by the plaintiff indicate that the plaintiff sought *in forma pauperis* status at the Court of Common Pleas level in his suit against the Solicitor of the Ninth Judicial Circuit. The plaintiff obviously believes that applications to proceed *in forma pauperis* in both state and federal courts are governed by common law. The plaintiff is mistaken. In federal district courts, applications to proceed *in forma pauperis* are allowed pursuant to 28 U.S.C. § 1915. There is no waiver of the filing fee for cases filed in federal *bankruptcy* courts. United States v. Kras, 409 U.S. 434 (1973). In a case decided several months after United States v. Kras, the Supreme Court upheld a non-waivable filing fee requirement in courts of the State of Oregon. Ortwein v. Schwab, 410 U.S. 656 (1973).

The Supreme Court of the United States has struck down filing fee requirements with respect to cases involving "fundamental" rights. *See, e.g.*, Boddie v. Connecticut, 401 U.S. 371 (1971)(in divorce cases, a State cannot deny access to indigents unable to pay the filing fees because a divorce is the only way in which a marriage can be dissolved); Little v. Streater, 452 U.S. 1 (1981)(Connecticut statute denying "fathers" blood

9

grouping tests, in paternity cases, because of indigency violates Due Process Clause of Fourteenth Amendment); Burns v. Ohio, 360 U.S. 252, 257-258 (1959)(state court appeals); Griffin v. Illinois, 351 U.S. 12, 18 (1956)(state court appeals); and M.L.B. v. S.L.J., 519 U.S. 102, 1996 U.S. LEXIS® 7647 (1996)(termination of parental rights). Even so, the above-captioned case is governed by Ortwein v. Schwab because the filing of a non-domestic civil action in state court is not a "fundamental" right. Compare Little v. Streater, supra, 452 U.S at 16 n. 12 ("Because appellant has no choice of an alternative forum and his interests, as well as those of the child, are constitutionally, significant, this case is comparable to Boddie rather than to Kras and Ortwein.") with Kadrmas v. Dickinson Public Schools, 487 U.S. 450, 1988 U.S. LEXIS® 2878 (1988), and Edward B. v. Paul, 814 F.2d 52, 55-56, 1987 U.S.App. LEXIS® 3825 (1st Cir 1987).[6]

It can be judicially noticed that South Carolina law provides for waiver of filing fees for domestic cases, applications for post-conviction relief, appeals in criminal cases, and appeals in post-conviction cases. See Ex

---

[6]An unrelated portion of the opinion in Edwards v. Paul, which relates to transcripts under the Individuals with Disabilities Education Act (IDEA), has been superannuated by statute. Stringer v. St. James R-1 School District, 2006 U.S.App. LEXIS® 10950, 2006 WESTLAW® 1155142 (8th Cir., May 3, 2006).

10

Parte Martin, 321 S.C. 533, 471 S.E.2d 134, 1995 S.C. LEXIS® 98 (1995), which is cited in Masada v. Richstad, 2001 WESTLAW® 34085201, *3 [no LEXIS® citation available] (D.S.C. 2001), *affirmed*, 33 Fed.Appx. 104, 2002 U.S.App. LEXIS® 7585 (4th Cir., April 25, 2002), *cert. denied*, 537 U.S. 1055, 154 L.Ed.2d 535, 123 S.Ct. 629, 2002 U.S. LEXIS® 8841 (2002); Quillian v. Evatt, 308 S.C. 555, 419 S.E.2d 783, 1992 S.C. LEXIS® 164 (1992); State v. Torrence, 305 S.C. 45, 406 S.E.2d 315, 1991 S.C. LEXIS® 111 (1991); and Ex Parte Cauthen, 291 S.C. 465, 354 S.E.2d 381, 382-383, 1987 S.C. LEXIS® 225 (1987). Hence, it is clear that in cases involving "fundamental" rights, courts of the State of South Carolina are complying with the holdings in M.L.B. v. S.L.J, Boddie v. Connecticut, Little v. Streater, Burns v. Ohio; and Griffin v. Illinois. Moreover, it is clear that the defendant is complying with South Carolina's Circuit Court Rules and South Carolina statutory law relating to filing fees.

Closely on point is the decision of the United States Court of Appeals for the Fifth Circuit in Nickens v. Melton, 38 F.3d 183, 185, 1994 U.S.App. LEXIS® 30971 (5th Cir. 1994)("With respect to the Equal Protection Clause, we note that IFP litigants are not a suspect class since 'no suspect classification such as race, nationality, or alienage, is present.'"), *rehearing*

11

*denied*, Nickens v. Melton, 1994 U.S.App. LEXIS® 37913 (5th Cir., December 16, 1994), *cert. denied*, 514 U.S. 1025, 1995 U.S. LEXIS® 2136 (1995). The majority panel of United States Court of Appeals for the Fifth Circuit in Nickens v. Melton concluded that the State of Mississippi's "rule" had a rationale basis and was related to a legitimate governmental interest:

> The purpose of Mississippi's rule requiring civil litigants to prepay appellate cost [sic] is obvious. The prepayment of costs for a civil appeal helps Mississippi offset the expenses associated with operating its appellate court system. Thus, Mississippi's rule for civil appellate litigants is rationally justified. *See Ortwein*, 93 S.Ct. at 1175 (finding Oregon's appellate fee for civil litigants rationally justified); *United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 638, 34 L. Ed. 2d 626 (1973)(finding that the federal bankruptcy filing fee was rational.)

Nickens v. Melton, *supra*.

The United States District Court for the District of South Carolina cannot issue a writ of mandamus to direct courts of the State of South Carolina to accept applications to proceed *in forma pauperis* in cases other than those involving applications for post-conviction relief, domestic matters, and criminal appeals. The writ of mandamus is infrequently used by federal courts, and its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). In Gurley, a

12

prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (North Carolina) to prepare a free transcript. The district court in Gurley denied the relief sought by the prisoner.

On appeal in Gurley, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina. The Court also held that, if the prisoner's petition were treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ." Gurley v. Superior Court of Mecklenburg County, supra, 411 F.2d at 587.

The holding in Gurley was followed by the United States Court of Appeals for the Second Circuit in Davis v. Lansing, 851 F.2d 72, 74, 1988 U.S.App. LEXIS® 9176 (2nd Cir. 1988). In Davis v. Lansing, the Court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. See also Craigo v. Hey, 624 F. Supp. 414

13

(S.D.W.Va. 1985). In Craigo, the district court concluded that the petition for a writ of mandamus was frivolous, within the meaning of 28 U.S.C. § 1915, under Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983), and, therefore, was subject to summary dismissal. Craigo v. Hey, supra, 624 F. Supp. at 414.

The plaintiff is not entitled to actual damages for mental and emotional distress. Case law prior to the adoption of the Prison Litigation Reform Act had held that there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under Section 1983 regarding such claims. *See* Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), *rehearing denied*, 779 F.2d 1129 (5th Cir. 1986), *cert. denied*, City of Borger v. Grandstaff, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903, 1989 U.S.App. LEXIS® 15698 (1st Cir. 1989). *See also* the Prison Litigation Reform Act, which provides that physical injuries are a prerequisite for an award of damages for emotional distress under 42 U.S.C. § 1983. This provision is now codified at "new" 42 U.S.C. § 1997e(e), and has been held to be constitutional. *See* Zehner v. Trigg, 952 F. Supp. 1318, 1997 U.S.Dist. LEXIS® 369 (S.D.Ind. 1997), *affirmed*, 133 F.3d 459, 463, 1997

14

U.S.App. LEXIS® 36776 (7th Cir. 1997)("The restriction § 1997e(e) places on prisoners, therefore, is not even exclusive to them; [Metro-North Commuter R.R. v. Buckley, 521 U.S. 424, 1997 U.S. LEXIS® 3867 (1997)(Federal Employers' Liability precludes recovery for emotional damages from exposure to asbestos in the absence of symptoms of asbestos-related disease)] authoritatively interprets an Act of Congress to impose the same restriction upon a large group of non-prisoners. This application to another group severely undercuts plaintiffs' argument that § 1997e(e) denies them equal protection.").

# *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh,

15

supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since the defendant is immune from suit (because of Eleventh Amendment immunity and quasi judicial immunity) and the plaintiff seeks, *inter alia*, damages of forty thousand dollars ($40,000) from her, this case is encompassed by 28 U.S.C. § 1915A(b)(2).  Hence, I also recommend that the above-captioned case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  The plaintiff's attention is directed to the important Notice on the next page.

Respectfully submitted,

*/s/ Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

May 26, 2006
Charleston, South Carolina

16

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

17